UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **EDDIE GENE EVANS** | **CIVIL ACTION NO. 07-1508** |
| VS. | SECTION P |
| **MICHAEL THURMER, WARDEN**<br>**WAUPUN CORRECTIONAL INSTITUTE** | **JUDGE JAMES** |
| **WAUPUN, WISCONSIN** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on September 10, 2007, by *pro se* petitioner Eddie Gene Evans. Petitioner is an inmate in the custody of Wisconsin's Department of Corrections; he is incarcerated at the Waupun Correctional Institute, Waupun, Wisconsin, where he is serving a 20-year sentence imposed following his conviction for armed robbery in that jurisdiction. When he was arrested in Wisconsin, petitioner was on parole from a 1985 armed robbery conviction in Louisiana. Louisiana's Department of Public Safety and Corrections has issued a parole violation detainer against petitioner, and it is anticipated that upon completion of his Wisconsin sentence he will be returned to Louisiana where his parole will be revoked and he will be required to serve the remainder of his Louisiana sentence. In this *habeas corpus* proceeding, Evans attacks the Louisiana sentence imposed on June 4, 1985, in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that this petition be deemed a "second and successive"

*habeas corpus* petition and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings in accordance with the provisions of 28 U.S.C. §2244(b)(3)(A).

### *Statement of the Case*

On May 7, 1985, petitioner was convicted of armed robbery and aggravated battery in the Fourth Judicial District Court, Ouachita Parish, Louisiana in a matter under that court's docket number 42,972. [doc. 1-3, p. 5] On June 4, 1985, he was sentenced to serve concurrent sentences of 35 and 3 years respectively. On June 6, 1985, he was returned to court for re-sentencing; the amended sentence reflected that the armed robbery sentence was to be served without benefit of parole as mandated by the provisions of La. R.S.14:64(B). [*Id.*] He remained in custody serving these sentences until January 10, 2003, when he was released on "good time" parole having served approximately 20 years of his 35 year sentence.

During his incarceration on these charges petitioner filed four petitions for *habeas corpus* in this court. See *Eddie Evans v. Warden, Louisiana State Penitentiary*, No. 3:89-cv-2726; *Eddie Gene Evans v. Warden, Louisiana State Penitentiary*, No. 3:90-cv-0812; *Eddie Gene Evans v. Warden, Louisiana State Penitentiary*, No. 3:95-cv-0403; and, *Eddie Gene Evans v. Warden, Louisiana State Penitentiary*, No. 3:95-cv-1923. The latter case, which specifically attacked the conviction and sentence in case number 42,972 of the Fourth Judicial District Court, was dismissed with prejudice on August 1, 1996 [doc. 17] and Mr. Evans's requests for a Certificate of Appealabilty were denied by this court on August 29, 1996 [doc. 20] and by the Fifth Circuit Court of Appeals on April 11, 1997 [doc. 21].

According to petitioner, upon his release on parole, he was returned to Wisconsin where on May 27, 2003, he was convicted of armed robbery and sentenced to serve 20-years. [doc. 1-3,

p. 6] In a *habeas* petition filed in the United States District Court for the Eastern District of Wisconsin [*Eddie Gene Evans v. Wisconsin Department of Probation and Parole*, No. 2:07-cv-00351 at doc. 8] the evidence suggests that upon his parole from Louisiana, petitioner voluntarily returned to Wisconsin. On April 30, 2003, he committed an armed robbery in that jurisdiction, and on May 27, 2004, he was convicted of this armed robbery and sentenced to serve 7 years in prison followed by a period of 13 years extended supervision. As a result of his arrest and conviction, the Louisiana Department of Corrections issued a detainer and indicated that the LDOC would resume custody over the petitioner upon completion of his Wisconsin sentence.

Petitioner filed the instant petition on September 10, 2007. In his original petition he raised three claims for relief, all related to the imposition of sentence on June 6, 1985. [doc. 1-3, p. 9] His amended complaint likewise argued only that the sentence imposed in June 1985 was unlawful. [doc. 4, p. 5]

### *Law and Analysis*

This petition is subject to the screening provisions of 28 U.S.C. § 2244(b)(3)(A). According to that statute a second or successive § 2254 *habeas* petition must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See *In re Epps*, 127 F.3d 364 (5th Cir.1997); see also *In re Tolliver*, 97 F.3d 89, 90 (5th Cir.1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to §2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

Petitioner has raised a series of claims concerning the legality of the sentences imposed in June 1985 by Louisiana's Fourth Judicial District Court.  These claims were available to the petitioner when he filed his previous *habeas corpus* petitions.  This petition is therefore "second or successive." See *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998) (a subsequent petition is second or successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.").

Unless and until the Fifth Circuit Court of Appeals grants petitioner leave to file the present petition, this court lacks jurisdiction to consider it. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000).  Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, should be without prejudice to Petitioner's right to file a motion for leave to file a second or successive §2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to §2244(b)(3)(A).

Accordingly,

**IT IS RECOMMENDED** that petitioner's second and successive petition for Writ of *Habeas Corpus* be Dismissed Without prejudice for lack of subject-matter jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following

the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe, Louisiana, November 1, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE